IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE:   Earl Hurt | * | CASE NO: 10-19902 |
| Yvette Hurt | | |
| | * | CHAPTER 13 |
| Debtors. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

Earl Hurt
Yvette Hurt                                             *

    Movants,
v.                                                              *

Wells Fargo Bank, N.A. as Trustee
for First Franklin Mortgage Loan Trust           *
2006-FFB Mortgage Pass Through
Certificates, Series 2009-FFB,
                                                                *
    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Serve:

Scott R. Robinson, Esquire
The Fisher Law Group, PLLC
9440 Pennsylvania Avenue, Suite 350
Upper Marlboro, MD 20772
*Filed Proof of Claim*

Mr. John Stumpf, President
Wells Fargo Bank, N.A.
101 N. Phillips Avenue
Sioux Falls, SD 57104
*Principal Office per SDAT*

CSC - Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 1660
Baltimore, MD 21202
*Resident Agent per SDAT*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEBTORS' MOTION TO DETERMINE STATUS AND AVOID LIEN
<u>PURSUANT TO 11 U.S.C. SECTION 506(a)</u>**

NOW COMES, the Debtors (the "Movants"), by and through Jeffrey M. Sirody, Esquire, their attorney, and in filing this *Debtors' Motion To Determine Status And Avoid*

*Lien Pursuant To 11 U.S.C. Section 506(a)*, state as follows:

1. This is a core proceeding over which the Court has subject matter jurisdiction pursuant to 11 U.S.C. Sections 502 and 506, 28 U.S.C. Section 157(b)(2)(B) and (K), and Federal Bankruptcy Rules 3012 and 9014.
2. The Movants filed this case on May 3, 2010, under Chapter 13.
3. The Movants are residents of Baltimore County, State of Maryland and are the fee simple owners of an interest in certain real property known as: 8726 Church Lane, Randallstown, Maryland 21133 (the "Property").
4. Deutsche Bank National Trust Company holds a perfected senior mortgage lien ("First Lien") duly recorded in the Land Records Office of Baltimore County against the Property and is entitled to a secured claim in the amount of approximately $274,573.55, per proof of claim number 4 filed in this case.
5. Subsequent to when the First Lien was recorded, a Junior Mortgage Lien ("Second Lien") was recorded in favor of Wells Fargo Bank, N.A.. The amount currently owed on the Second Lien is $64,524.56, per proof of claim number 2 filed in this case.
6. The Property has a value of $222,500.00, which is supported by an appraisal. See attached.
7. Pursuant to Sections 506(a) and 1322 of Title 11, the Bankruptcy Code, the Second Lien of Respondent is wholly unsecured; there exists no equity in the Property above what is needed to satisfy the First Lien.
8. According to <u>Johnson v. Asset Management Group, LLC</u>, 226 B.R. 364 (D. Md. 1998), while a mortgage lien against the Movants' property may be avoided upon the entry of the discharge, an order avoiding that lien is necessary for filing among the Land Records of that property's city/county to clear title to the property; in this instance, Baltimore County, Maryland.
9. Movants hereby file this Motion to determine the extent of the value of the Respondent's security interest in the Property, and to strip/avoid the junior lien (Second Lien) of Respondent.
10. Such status determination and lien avoidance is necessary for the Movants' successful reorganization and for the benefit of the unsecured creditors.

WHEREFORE, upon the premises considered, the Movants respectfully request this Court find in favor of the Movants and enter an order that:

    a.    Declares that the Second Lien (proof of claim #2), of Respondent is wholly unsecured; and

    b.    The junior mortgage lien (Second Lien) of Respondent is entirely avoided; and

    c.    The Respondent shall remove its Second Lien from the land records of the appropriate county upon completion of this case; and

    d.    Grant such other and further relief as may be fair and just.

Respectfully submitted,

June 18, 2010      _____/s/_____
Jeffrey M. Sirody, Bar No.11715
Sirody Frieman & Feldman, PC
1777 Reisterstown Road, Suite 360
Baltimore, MD 21208
(410) 415-0445

Counsel for Debtors/Movants

## CERTIFICATION OF NOTIFICATION AND MAILING

I hereby certify and affirm under the penalties of perjury that on this 18th day of June 2010, a copy of the foregoing *Motion to Determine Secured Status Pursuant to 11 U.S.C. Section 506, proposed Order* and *Notice of Hearing* and were sent by first class mail to:

Scott R. Robinson, Esquire
The Fisher Law Group, PLLC
9440 Pennsylvania Avenue, Suite 350
Upper Marlboro, MD 20772

CSC - Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 1660
Baltimore, MD 21202

*via Certified Mail:*
Mr. John Stumpf, President
Wells Fargo Bank, N.A.
101 N. Phillips Avenue
Sioux Falls, SD 57104

*and electronically served upon*:
    Office of U.S. Trustee
    Chapter 13 Trustee

_____/s/_____
Jeffrey M. Sirody, Esquire